IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | |
|---|---|
| TABITHA GONZALES,<br>*on behalf of herself and those similarly situated*;<br><br>        Plaintiff,<br><br>v.<br><br>KANSAS DAIRY INGREDIENTS, LLC;<br><br>        Defendant. | Case No. 2:24-cv-2049<br><br>**COMPLAINT - CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Tabitha Gonzales ("Plaintiff"), on behalf of herself and a putative class of similarly situated former employees as defined herein, brings this suit against Kansas Dairy Ingredients, LLC ("Defendant" or "Kansas Dairy"), by way of this Class Action Complaint, alleging as follows:

## NATURE OF THE ACTION

1. This is a Class Action Complaint brought under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101–2109 (the "WARN Act"), by the Plaintiff on her own behalf and on behalf of the other similarly situated persons against Defendant, her employer for WARN Act purposes.

2. Defendant operates a manufacturing plant located at 1010 E 10th St, Hugoton, KS 67951, where Plaintiff and those she seeks to represent worked.

3. On or around January 19, 2023, Defendant abruptly made a mass layoff by, unilaterally and without proper notice to employees or staff, terminating approximately 150 employees, including Plaintiff, at the facility located at 1010 E 10th St, Hugoton, Kansas.

4. Although Plaintiff clocked out the morning of January 19, 2023, by the end of the day, she received a message from her supervisor informing her about the layoffs, along with a follow-up call from the plant manager regarding the facility's closure.

5. Plaintiff brings this action on behalf of herself and other similarly situated former employees who worked for Defendant and were terminated as part of the foreseeable result of a mass lay off or plant closing ordered by the Defendant on or around January 19, 2023 and within 90 days of that date and who were not provided 60 days' advance written notice of their terminations by Defendant, as required by the WARN Act.

6. Plaintiff and other similarly situated employees should have received the full protection afforded by the WARN Act.

7. The effects of Defendant's unceremonious layoffs on the Hugoton, Kansas community cannot be understated. Kansas Dairy was one of the largest employers in Hugoton, a small community with a population of 3,747 people. Consequently, the community will bear the brunt of Defendant's transgressions.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 28 U.S.C § 1331 and 29 U.S.C. § 2104(a)(5).

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 2104(a)(5).

## PARTIES

10. At all times herein relevant, the Representative Plaintiff was and is a member of the Nationwide class (as defined below)

11. Plaintiff Tabitha Gonzales is a citizen of the United States and resident of Seward County, Kansas. Plaintiff Gonzales was employed by Kansas Dairy at all relevant times at its Hugoton, Kansas facility. She was employed for over six months and is an "aggrieved employee" within the meaning of 29 U.S.C. § 2104(a)(7). She was terminated without cause and did not receive 60 days' notice of her termination.

12. Defendant Kansas Dairy Ingredients, LLC is a Missouri limited liability company registered to do business in Kansas with a corporate headquarters located in Overland Park, Johnson County, Kansas. Defendant may be served via its registered agent, National Registered Agents, Inc., 112 SW 7th Street Suite 3C, Topeka, Kansas 66603.

13. Upon information and belief, Defendant Kansas Dairy Ingredients conducted business in this district and, at all relevant times, operated the facilities where Plaintiff and the other similarly situated individuals worked or were based at, reported to, and received assignments from.

14. Defendant made the decision to terminate employees, including Plaintiff and those other similarly situated former employees, without 60 days' advance notice, terminating at least 150 employees.

**FACTS**

15. Kansas Dairy is "a world leader in the manufacturing and marketing of ultrafiltered concentrated milk products." The company is "independent and privately owned" and was established in 2012.

16. Kansas Dairy operates a plant in Hugoton, Kansas, employing a substantial number of employees in the local community.

17. In June 2021, Kansas Dairy announced a $45 million investment to expand operations at the facility to expand its capabilities into producing cheese and butter. This investment was lauded as a huge development to Southwest Kansas, created 40 new jobs, and represented a substantial investment in the Hugoton community.

18. Just two and a half years later, almost 150 employees, including Plaintiff, at that facility were terminated.

19. Until January 19, 2024, upon information and belief, the Hugoton facility was running business as usual and employees had no indication that Kansas Dairy intended to close its doors.

20. On or about January 19, 2024, Defendant informed all employees, including Plaintiff, at its Hugoton, Kansas, facility, that the facility was closing down, and their jobs would be immediately terminated.

21. Defendant did not provide any WARN Act Notice as required by 29 U.S.C. §§ 2101 *et seq.* even though it planned to abolish, terminate, and/or layoff over one-hundred full-time employees employed there.

22. Upon information and belief, no circumstances existed that would have permitted Defendant from reducing the notification period as provided in 29 U.S.C. § 2102(b).

23. By failing to provide its affected employees who were temporarily or permanently terminated on or around January 19, 2024, with WARN Act Notices and other benefits, Defendant acted willfully and cannot establish that it had any reasonable grounds or basis for believing its actions were not in violation of the WARN Act.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings her WARN Act claim as a Class Action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following Nationwide class:

> All employees of Defendant who were terminated pursuant to a mass layoff or plant closing (as those terms are defined in the WARN Act) within 90 days of January 19, 2024.

25. Class Action treatment of WARN Act claims is appropriate because all of Federal Rule of Civil Procedure 23's Class Action requisites can be satisfied. For example:

   a. The class includes, upon information and belief, over 50 class members, and, as such, is so numerous that joinder of all the class members is impracticable under these circumstances, thereby satisfying Federal Rule of Civil Procedure 23(a)(1).

   b. Questions of law and fact are common to the class, including, *inter alia*, whether Defendant provided adequate notice of its mass layoff under the WARN Act, 29 U.S.C. § 2102. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(2).

   c. Plaintiff is a member of the class, and her claims are typical of the claims of other class members. Plaintiff has no interests that are antagonistic to or in conflict with the interests of other class members. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(3).

   d. Plaintiff will fairly and adequately represent the class and its interests. Moreover, Plaintiff has retained competent and experienced counsel who will effectively

represent the interests of the class. Thus, Plaintiff satisfies Federal Rule of Civil Procedure 23(a)(4).

26. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(1) because the prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendant and/or because adjudications with respect to individual class members would as a practical matter be dispositive of the interests of non-party class members.

27. Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the Class, making appropriate declaratory and injunctive relief with respect to Plaintiff and the class as a whole.

28. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any question affecting only individual class members, and because a Class Action is superior to other available methods for the fair and efficient adjudication for this litigation.

### COUNT I
### VIOLATIONS OF THE WARN ACT, 29 U.S.C. §§ 2101, *et seq*.
### (WARN Act)
### (*On behalf of Plaintiff and the putative classic*)

29. Plaintiff re-alleges and incorporates all preceding paragraphs as if set forth in full here.

30. Defendant is an "employer" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(1).

31. Plaintiff and those she seeks to represent was at all relevant times an "affected employee" within the meaning of the WARN Act, 29 U.S.C § 2101(a)(5).

32. The January 19, 2024, permanent layoffs of about 150 employees at the Hugoton, Kansas facility, resulted in "employment losses" as defined in 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II) for at least 33 percent of the employees and at least 50 employees.

33. For purposes of 29 U.S.C. § 2101(a)(3)(B)(i)(I) and (II), the Hugoton, Kansas facility constitutes a single site of employment in that each employee's facility was the location to which relevant employees were assigned as her home base, the place from which her work was assigned, and the place to which they reported for work.

34. The WARN Act requires employers to provide 60-days' notice of any plant closing or mass layoff "to each representative of the affected employees . . . or, if there is no such representative at that time, to each affected employee," 29 U.S.C. § 2102(a)(1), and "to the State or entity designated by the State to carry out rapid response activities under [29 U.S.C. §] 3174(a)(2)(A)," as well as to "the chief elected official of the local government within which such closing or layoff is to occur," 29 U.S.C. § 2102(a)(2).

35. On information and belief, Defendant did not give any prior written notice of the plant closing and/or mass layoff to any "affected employee," including Plaintiff and those she seeks to represent, as that term is defined in 29 U.S.C § 2101(a)(5). Nor upon information and belief did Defendant give any written notice to the Kansas Department of Labor, Kansas Works, or to the chief elected official of the local government within which the mass layoff was ordered. Upon information and belief, as of this filing, Defendant has still failed to provide the requisite notice.

36. Defendant violated the WARN Act by failing to give timely written notice of the mass layoff as required by 29 U.S.C. § 2102(a), which began on or about January 19, 2024.

37. As such, Plaintiff and those she seeks to represent are "aggrieved employees" within the meaning of the WARN Act, 29 U.S.C. § 2104(a)(7).

38. The WARN Act expressly permits an "aggrieved employee" to bring a civil action individually and on behalf of all those similarly situated to seek relief for violations of the provisions of 29 U.S.C. § 2102. *See* 29 U.S.C. § 2104(5).

39. Moreover, Defendant's violations of the WARN Act were not in good faith, and Defendant has no reasonable grounds for believing that the plant closing or mass layoff it ordered was not in violation of the notice requirements at 29 U.S.C. § 2102.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff pray for the following relief:

1. Certification of the Class as a Class Action pursuant to Federal Rule of Civil Procedure 23(b), and designation of Plaintiff as a representative of the Class and her counsel of record as Class Counsel.

2. A declaration that Defendant violated the WARN Act;

3. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for back pay to the fullest extent permitted by the WARN Act, 29 U.S.C. § 2104(a)(1)(A);

4. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for the loss of benefits, including, but not limited to, medical expenses incurred by Plaintiff and those she seeks to represent during the employment loss, to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(1)(B);

5. A finding that Defendant's violations of the WARN Act were and are willful, not in good faith, and that Defendant has no reasonable grounds for believing that its mass layoff was not in violation of the notice requirements of the WARN Act, 29 U.S.C. § 2102;

6. A judgment against Defendant and in favor of Plaintiff and those she seeks to represent for litigation costs, expenses, attorney's fees to the fullest extent permitted under the WARN Act, 29 U.S.C. § 2104(a)(6), and for discretionary costs pursuant to Federal Rule of Civil Procedure 54(d);

7. A judgment against Defendant for civil penalties to the fullest extent allowable under the WARN Act, 29 U.S.C. § 2104(a)(3); and,

8. Such other and further relief as this Court deems just and proper and allowed under the WARN Act.

Respectfully submitted,

*s/ Richard S. Fisk*
Richard S. Fisk, KS # 23712
**BEAM-WARD, KRUSE,**
**WILSON & FLETES, LLC**
8645 College Boulevard, Suite 250
Overland Park, Kansas 66210
(913) 339-6888
(913) 339-9653 (Fax)
rfisk@bkwflaw.com

J. Gerard Stranch, IV (TN Bar #23045)*
Michael C. Iadevaia (TN Bar # 41622)*
**STRANCH, JENNINGS, & GARVEY, PLLC**
223 Rosa Parks Ave. Suite 200
Nashville, TN 37203
Telephone: 615/254-8801
Facsimile: 615/255-5419
gstranch@stranchlaw.com
miadevaia@stranchlaw.com

Samuel J. Strauss (WA Bar # 46971) *
Raina C. Borrelli (MN Bar #392127) *

**TURKE & STRAUSS LLP**
613 Williamson St., Suite 201
Madison, WI 53703
T: (608) 237-1775
F: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

Lynn A. Toops (IN Bar #26386-49)*
Amina A. Thomas (IN Bar #34451-49)*
**COHEN & MALAD, LLP**
One Indiana Square, Suite 1400
Indianapolis, Indiana 46204
(317) 636-6481
ltoops@cohenandmalad.com
athomas@cohenandmalad.com

* *Pro Hac Vice* applications to be submitted

*Counsel for Plaintiff and the Proposed Class*